IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv406 |
| CHRISTOPHER NORSWORTHY, ET AL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brandon Williams, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against Warden Christopher Norsworthy and Assistant Warden Kevin Smith. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion for Summary Judgment filed by Defendants. (Doc. #37.) Plaintiff has filed a Response to the Motion. (Doc. #50.)

Factual Background

Plaintiff alleges Defendants have failed to provide clean and sanitized living facilities. He states he has been exposed to black mold and rust, as well as other toxic substances. Plaintiff asserts Defendants failed to issue cleaning supplies or take steps to make sure drains were not clogged.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine [dispute] concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

## Analysis

### Exhaustion of Administrative Remedies

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The exhaustion requirement applies to all inmate suits

concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). However, prisoners must exhaust only available remedies. *Ross v. Blake*, 578 U.S. 632, 642-44 (2016).

The Texas Department of Criminal Justice, Correctional Institutions Division, where plaintiff is confined, has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). As a general matter, the prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

*Application*

Defendants seek summary judgment based on their assertion that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. As exhaustion of administrative remedies is an affirmative defense, Defendants have the burden of demonstrating Plaintiff failed to exhaust his administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As a result, Defendants must establish "beyond peradventure" all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). If Defendants meet this initial burden, the burden shifts to Plaintiff

to produce evidence showing the existence of a genuine issue for trial. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003).

In the Motion for Summary Judgment, Defendants make reference to an Exhibit A, which is described as grievance records with a supporting business records affidavit. (Doc. # 37 at 1.) However, Defendants did not file Exhibit A along with their Motion. Without seeking leave of court, Defendants filed Exhibit A past the deadline established for filing a motion for summary judgment. The court has entered an Order striking Exhibit A (doc. #44) and has denied a motion asking the court to reconsider its decision (doc. #64).

As Exhibit A has been stricken, Defendants have submitted no evidence demonstrating Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. As exhaustion is an affirmative defense, Defendants have therefore failed to satisfy their burden of demonstrating Plaintiff failed to exhaust his administrative remedies. As a result, they are not entitled to summary judgment.

Moreover, even if Exhibit A had not been stricken, Defendants would not be entitled to summary judgment. Defendants assert Plaintiff did not exhaust his administrative remedies because he did not file a Step1 grievance until after he filed his Complaint and that he never filed a Step 2 grievance. This Step 1 grievance is included as part of Exhibit A. (Doc. #43 at 3-4.) However, in his Response to the Motion for Summary Judgment, Plaintiff states officials failed to process several Step 1 grievances he filed prior to filing his Complaint. (Doc. #50 at 4.) He asserts officials failed to process his Step 1 grievances because of the seriousness of the issues raised and the health risks associated with black mold.

A similar situation arose in *Cantwell v. Sterling*, 788 F.3d 507 (5th Cir. 2015). In that case, the defendants moved for summary judgment based on the plaintiff's failure to exhaust his administrative remedies. The United States Court of Appeals for the Fifth Circuit began by stating exhaustion was an affirmative defense, with the defendant's bearing the burden of proving a failure to exhaust. The plaintiff contended that as he did not receive a response to his Step 1 grievance, he did not proceed to Step 2.

The court stated it could not determine, based on the record before it, whether the plaintiff had exhausted his administrative remedies. The record did not contain information concerning what remedies were available to the plaintiff under the circumstances presented–a Step 1 grievance not being returned to the plaintiff. The court concluded that without knowing what procedures were available to the plaintiff, it was impossible to determine whether available administrative remedies had been exhausted. The defendants had therefore failed to satisfy the burden of establishing that there were available procedures the plaintiff failed to exhaust.

In the present case, there is no information in the record concerning what remedies were available to Plaintiff when his Step 1 grievances were not processed. As a result, even if Exhibit A had not been stricken, Defendants here, like the defendants in *Cantwell*, would have failed to carry the burden of demonstrating there were available administrative procedure that Plaintiff failed to exhaust. As a result, there would still be a genuine dispute of material fact as to whether Plaintiff exhausted his administrative remedies.

## Recommendation

Defendants' Motion for Summary Judgment should be denied.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 22nd day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE