IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv406 |
| CHRISTOPHER NORSWORTHY, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brandon Williams, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Christopher Norsworthy and Kevin Smith.  The Court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion for summary judgment filed by the defendants be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  The defendants filed objections to the Report and Recommendation.  The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The defendants asserted they were entitled to summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit.  In their motion, the defendants referenced an Exhibit A, described as grievance records with a supporting business records affidavit.  However, the defendants did not file Exhibit A along with their motion.  Observing that the court had entered an order striking Exhibit A, as well as an order denying a motion to reconsider, the Magistrate Judge concluded summary judgment was not proper because the defendants failed to carry the burden of establishing the affirmative defense of failure to exhaust administrative remedies.  The Magistrate Judge further concluded that even if Exhibit A had not been stricken, the defendants would still not be entitled to summary judgment.  Plaintiff asserted prison officials failed

to process several Step 1 grievances he filed prior to filing his complaint.[1]  The Magistrate Judge stated that as the record was silent as to what, if any, remedies were available to plaintiff after his Step 1 grievances were not processed, there would still be a genuine dispute of material fact regarding exhaustion even if Exhibit A were considered.

Initially, the defendants object to the striking of Exhibit A.  However, while the defendants stated counsel erred in calendering the deadline for filing a motion for summary judgment, the defendants offered no explanation for why Exhibit A was not filed along with the motion for summary judgment. As a result, the decision to strike Exhibit A was correct.

The defendants also object to the conclusion that even if Exhibit A had not been stricken, they would still not be entitled to summary judgment.  Relying on *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012), the defendants correctly assert that district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing a lawsuit. However, inmates are only required to exhaust administrative remedies that are available. *Phillips v. Green*, 814 F. App'x 852, 854 (5th Cir. 2020) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016)).

The defendants cite *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) for the proposition that if a prisoner does not receive a response at one step of a grievance process, he must aattempt to pursue the remaining steps before he may be deemed to have exhausted his administrative remedies.  However, in *Wilson*, which involved an inmate confined within the Mississippi Department of Corrections which has a three-step grievance process, the record established that if an inmate did not receive response at Step 1 of the grievance process, he was permitted to file a Step 2 and a Step 3 grievance.

As the Magistrate Judge stated, this case is similar to *Cantwell v. Sterling*, 788 F.3d 507 (5th Cir. 2015), which involved a Texas inmate.  In *Cantwell*, like in this case, the inmate did not receive

---

[1]  The Texas prison system has a two-step grievance procedure.  *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

a response to his Step 1 grievance.  The United States Court of Appeals for the Fifth Circuit stated that as exhaustion was an affirmative defense, and as the record did not establish whether the plaintiff had any remedies available after his Step 1 grievance was not processed, the defendants were not entitled to summary judgment.

Here, like in *Cantwell*, the record does not show whether plaintiff had any administrative remedies available after his Step 1 grievance was not processed.  As a result, the defendants would not be entitled to summary judgment even if Exhibit A had not been stricken.

<u>ORDER</u>

Accordingly, the defendants' objections [Dkt. 68] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge [Dkt. 67] is ACCEPTED.  The motion for summary judgment [Dkt. 37] is DENIED.

**SIGNED this 13th day of September, 2023.**

Michael J. Truncale
United States District Judge