IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-406 |
| CHRISTOPHER NORSWORTHY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brandon Williams, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against Warden Christopher Norsworthy and Assistant Warden Kevin Smith. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a joint Motion for Summary Judgment filed by Defendants (doc. #83).

Factual Allegations

In his Amended Complaint (doc. #52), Plaintiff states he has been incarcerated at the Stiles Unit since 2016. He alleges that since his arrival, there has been black mold in the showers at the unit. Plaintiff states he did not learn until 2021 that a substance built up in the showers was actually black mold. He asserts Nurse Brown told him the substance in the showers was black mold. Previously the inmates had been told that the substance was shower scum or soap residue.

Plaintiff states he filed grievances concerning exposure to black mold. However, he never received any assistance from the unit's administration. Plaintiff states Defendant Norsworthy had prior knowledge of the condition and ample time to remedy the situation. He also alleges that even though he talked to both Defendants about the problem, they ignored what was happening. Plaintiff also states the administration failed to provide inmates with basic cleaning supplies to sanitize the showers.

Plaintiff alleges he has been seen by medical personnel about issues with his skin and was diagnosed as suffering from a "massive fungal infection." He states the condition resulted in extreme discomfort and constant itching. Plaintiff has received cream and other treatment for the condition.

## The Motion for Summary Judgment

Defendants assert they are entitled to summary judgment based on the doctrine of qualified immunity. They contend Plaintiff's allegations fail to establish a constitutional violation. Defendants state Plaintiff has failed to establish a genuine dispute of material fact as to whether they were deliberately indifferent to a substantial risk of serious harm. In addition, Defendants argue Plaintiff has failed to establish that the substance he describes is black mold. Finally, Defendants assert that even if Plaintiff's allegations establish a constitutional violation, they fail to show a violation of clearly established law.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

At the summary judgment stage of the proceedings, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden at this stage "is not satisfied with some metaphysical doubt as to the material

facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

As summary judgment is a final adjudication on the merits, courts must apply the device cautiously. *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to guard against premature truncation of legitimate lawsuits merely because of unskilled presentation. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

<u>Analysis</u>

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once government officials assert the defense of qualified immunity, the burden shifts to the plaintiff to "rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness" of the conduct. *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

*Unconstitutional Conditions of Confinement*

A. <u>Legal Standard</u>

To violate the Eighth Amendment, prison conditions must "pose an unreasonable risk of serious damage" to a prisoner's health-an objective test--and prison officials must act with deliberate indifference to the risk posed--a subjective test. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The objective component requires the plaintiff to demonstrate that a defendant's act or omission was "objectively serious" and that it exposed her to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a demonstration that a defendant had a "sufficiently culpable state of mind" and was therefore deliberately indifferent to inmate health and safety. *Id*.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A prison official acts with deliberate indifference only if the official: (1) knows that an inmate faces a substantial risk of serious bodily harm and (2) disregards the risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

B. <u>Application</u>

As explained below, Plaintiff has not established a genuine issue of material fact as to either the subjective or the objective component of his claim.

Plaintiff has failed to establish a genuine issue of material fact as to whether Defendants acted with deliberate indifference. Plaintiff states in conclusory fashion that Defendant Norsworthy had prior knowledge of conditions at the unit. He also alleges he spoke with both Defendants about the black mold situation.

Plaintiff does not describe what he said during these conversations. Based on his allegations, he may have told Defendants a nurse had told him the substance in the showers was black mold. Such a statement would have been insufficient to make Defendants aware Plaintiff was subject to a substantial risk of serious harm. Plaintiff does not state he told Defendants why the nurse believed the substance was black mold or whether any scientific tests had been performed on the substance. Further, Plaintiff does not state he told either Defendant that the substance in the shower had adversely affected his health.

Assuming Plaintiff told Defendants a nurse said there was black mold in the showers, it is likely Defendants should have done something to determine whether Plaintiff's statement was true. However, the failure to take action based on Plaintiff's statement would amount to no more than negligence. As Plaintiff's statement only set forth a nurse's opinion that the substance was black mold, without any explanation of the basis for the opinion, the statement did not put Defendants on notice that Plaintiff was subject to a substantial risk of serious harm.

Further, Plaintiff has failed to create a genuine dispute of material fact as to whether he was subject to an unreasonable risk of serious damage to his health based on the substance in the shower being black mold. While Plaintiff states a nurse told him the substance was black mold, he does not state how she formed this opinion or whether any type of scientific test had been conducted. Based on the record, it cannot be concluded the nurse's statement expressed more than her subjective belief regarding the substance. The nurse's subjective belief that the substance was black mold would not be sufficient for a jury to return a verdict in Plaintiff's favor based on the conclusion that the substance was black mold. As a result, there is no genuine dispute of material fact as to whether Plaintiff was exposed to conditions that posed an unreasonable risk of serious damage to his health.

Plaintiff has failed to create a genuine dispute of material fact as to whether Defendants acted with deliberate indifference. Nor has he created a genuine dispute of material fact as to whether he was exposed to conditions posing an unreasonable risk of serious hear to his health. As Plaintiff has therefore failed to establish a constitutional violation, Defendants are entitled to summary judgment based on qualified immunity.

*Injunctive Relief*

Plaintiff also seeks injunctive relief. Qualified immunity does not apply to a request for injunctive relief. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). However, as Plaintiff has failed to create a genuine dispute of material fact as to whether Defendants violated the Constitution, he is not entitled to injunctive relief. Morever, Plaintiff has informed the court of his transfer from the Stiles Unit to the Wainwright Unit (doc. #91). Plaintiff's transfer from the Stiles Unit rendered his request for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Recommendation

The Motion for Summary Judgment should be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 25th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE